UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6073

18 U.S.C. §1029(a)(2)
18 U.S.C. §371
18 U.S.C. §2

CR-FERGUSON

FILED by _____ D.C.
MAR 23 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )
)
JEAN CHRISTIAN KONAN, )
)
Defendant. )
_____ )

## INDICTMENT

The Grand Jury charges that:

### COUNT I

1. From on or about September 30, 1999, to on or about October 11, 1999, at Broward and Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

JEAN CHRISTIAN KONAN,

did knowingly and willfully combine, conspire, confederate, and agree with persons known to the Grand Jury, to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 1029(a)(2), by using an unauthorized access device, that is, an American Express charge card, during a one-year period, to obtain things of value aggregating $1,000 or more during that period, with an effect on interstate and foreign commerce.



## PURPOSE OF THE CONSPIRACY

2. It was the purpose and object of the conspiracy for the defendant to enrich himself unlawfully by intercepting and using an American Express charge card that had been issued by American Express to a legitimate cardholder.

## MANNER AND MEANS OF THE CONSPIRACY

3. The manner and means by which the purpose of the unlawful conspiracy was accomplished consisted, among other things, of the following actions by the defendant:

A. It was a part of the conspiracy that the defendant would receive confidential information regarding a legitimate American Express account holder from an American Express employee co-conspirator who had accessed American Express's computer data base to obtain the information.

B. It was a further part of the conspiracy that the defendant would and did assume the identity of a legitimate card holder and then report the card missing or stolen to American Express so that American Express would issue a new card to the legitimate cardholder via a courier service.

C. It was a further part of the conspiracy that the defendant would and did arrange to intercept the newly issued American Express card by using the false identity in the name of the legitimate American Express cardholder to obtain the package containing the newly issued American Express card from the courier service.

D. It was a further part of the conspiracy that the defendant would and did contact American Express posing as the legitimate cardholder and authorize American Express to activate the charge card upon obtaining it from the courier service.

E. It was a further part of the conspiracy that the defendant would and did use the

American Express card to obtain various goods, services, cash advances and lines of credit.

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the object thereof, at least one of the following overt acts, among others, was carried out by at least one co-conspirator in Broward County, in the Southern District of Florida, and elsewhere:

A. On or about September 30, 1999, in Broward County, Florida, an American Express employee co-conspirator accessed American Express's computer data base without authorization and acquired account information on American Express card holder Arthur Michel.

B. Between on or about September 30, 1999, and October 2, 1999, in the Southern District of Florida, the defendant JEAN CHRISTIAN KONAN received confidential account information regarding American Express card holder Arthur Michel from an American Express employee co-conspirator.

C. On or about October 2, 1999, the defendant JEAN CHRISTIAN KONAN caused American Express to issue a replacement American Express card in the name of Arthur Michel.

D. On or about October 2, 1999, JEAN CHRISTIAN KONAN caused the American Express card in the name of Arthur Michel to be used at an automated teller machine to make a withdrawal of approximately $301.50.

E. On or about October 4, 1999, JEAN CHRISTIAN KONAN caused the American Express card in the name of Arthur Michel to be used at BrandsMart U.S.A. to purchase a Samsung universal remote for approximately $211.81, a fifty-two inch Samsung television for approximately $1,063.81, and a DVD movie, The Siege, for approximately $27.88.

F. On or about October 11, 1999, the defendant JEAN CHRISTIAN KONAN

attempted to use the American Express card in the name of Arthur Michel to purchase electronics items at BrandsMart U.S.A.

All in violation of Title 18, United States Code, Section 371.

## COUNT II

From on or about September 30, 1999, to on or about October 11, 1999, at Miami-Dade County, in the Southern District of Florida, the defendant,

JEAN CHRISTIAN KONAN,

knowingly, willfully, and with intent to defraud, used an unauthorized access device, that is, an American Express card in the name of Arthur Michel, during a one-year period, and by such conduct, obtained things of value aggregating $1,000.00 and more during that period, that is, approximately $300 cash from an automatic teller machine, a Samsung universal remote for approximately $211.81, a fifty-two inch Samsung television for approximately $1,063.81, and a DVD movie, The Siege, for approximately $27.88, from BrandsMart U.S.A., with an effect on interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA           CASE NO. _____

v.                                 **CERTIFICATE OF TRIAL ATTORNEY***

<u>JEAN CHRISTIAN KONAN</u>            Superseding Case Information:

**Court Division**: (Select One)      New Defendant(s)         ___ Yes ___ No
                                   Number of New Defendants ___
___ Miami     ___ Key West         Total number of counts   ___
_X_ FTL       ___ WPB    ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)   <u>No</u>
    List language and/or dialect   _____

4.  This case will take   <u>3</u>   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

    I    0 to 5 days       _X_          Petty       ___
    II   6 to 10 days      ___          Minor       ___
    III  11 to 20 days     ___          Misdem.     ___
    IV   21 to 60 days     ___          Felony      _X_
    V    61 days and over  ___

6.  Has this case been previously filed in this District Court? (Yes or No)  <u>No</u>
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?   (Yes or No)  <u>No</u>
    If yes:
    Magistrate Case No.  _____
    Related Miscellaneous numbers:  _____
    Defendant(s) in federal custody as of  _____
    Defendant(s) in state custody as of  _____
    Rule 20 from the  _____  District of  _____

    Is this a potential death penalty case? (Yes or No)  <u>No</u>

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

                                   _____
                                   ROBIN S. ROSENBAUM
                                   ASSISTANT UNITED STATES ATTORNEY
                                   Florida Bar No. 908223

*Penalty Sheet(s) attached                                    REV.4/7/99

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant Name:** Jean Christian Konan  **Case No.** _____

Count #: 1

Conspiracy to Use Unauthorized Access Devices

18 U.S.C. § 371, 18 U.S.C. 1029(a)(2)

**\*Max. Penalty:** maximum of 5 years' imprisonment and a $250,000 fine

====================================================================

Count #: 2

Using an Unauthorized Access Device

18 U.S.C. § 1029(a)(2)

**\*Max. Penalty:** maximum of 10 years' imprisonment and a $250,000 fine

====================================================================

Count #: _____

**\*Max. Penalty:** _____

====================================================================

Count #: _____

**\*Max. Penalty:** _____

====================================================================

Count #: _____

**\*Max. Penalty:** _____

====================================================================

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable                              **10/9/98**